## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

STEPHEN J. BOWES,

              **Plaintiff,**

v.                                             **Case No:  6:13-cv-766-Orl-GJK**

COMMISSIONER OF SOCIAL SECURITY,

              **Defendant.**

_____

## MEMORANDUM OF DECISION

       Stephen J. Bowes (the "Claimant"), appeals to the District Court from a final decision of

the Commissioner of Social Security (the "Commissioner") denying his application for benefits.

Doc. No. 1.  Claimant alleges an onset of disability beginning September 21, 2001, and Claimant

is insured for benefits through December 31, 2006.  R. 30.  Claimant argues that the Appeals

Council erred by failing to review the Administrative Law Judge's (the "ALJ") decision because

new and material evidence submitted by Claimant for the first time to the Appeals Council renders

the ALJ's decision erroneous and contrary to the weight of the evidence currently in the record.

Doc. No. 12 at 16-17.  For the reasons set forth below, the Commissioner's final decision is

**REVERSED** and **REMANDED** for further proceedings.

I.      <u>**BACKGROUND.**</u>

       The history of this case is critical to its outcome.   On October 16, 2008, after a hearing, a

prior ALJ issued an unfavorable decision.  R. 71-82, 940-57.  On August 19, 2010, the Appeals

Council granted Claimant's request for review and remanded the case for further proceedings.  R.

63-66.  In its remand order, the Appeals Council directed the ALJ to:

> <u>Fully develop the record by obtaining all treatment and examination</u>
> <u>records</u> for the relevant period at issue; ask the claimant what
> available medical records have not been obtained; then obtain the
> identified records and obtain identified medical source statements
> from the claimant's treating sources in order to complete the
> administrative record. . . .

R. 65 (emphasis added).   Thus, the Appeals Council specifically ordered the ALJ on remand to

obtain all treatment records for the relevant time period and to obtain further medical source

statements from Claimant treating sources in order to make a complete record.  *Id*.

Pursuant to 20 C.F.R. §§ 404.977(b) and 416.1477(b) an ALJ "shall take any action that is

ordered by the Appeals Council. . . ."  *Id*.  The Eleventh Circuit has characterized such remand

orders as mandates, stating that the lower court, in this case the ALJ, "'may not alter, amend, or

examine the mandate, or give any further relief or review, but must enter an order in strict

compliance with the mandate.'"  *Apone v. Commissioner of Social Security*, 2011 WL 3055266,

at *1 (11th Cir. Jul. 25, 2011) (describing the standard of review when a claimant alleges an ALJ

failed to comply with Appeals Council's remand order) (unpublished) (quoting *Piambino v.

Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985)).[1]  Unfortunately, in this case, the ALJ did not comply

with the Appeals Council's order.  *See* R. 36-37, 45 (ALJ's decision noting that medical record,

specifically Claimant's treatment records during relevant time period, is not complete); R. 976

(testifying non-examining expert stating he does not have six years of psychological treatment

notes); R. 977-80 (testifying non-examining expert stating that due to lack of complete treatment

records the medical record is insufficient for him to reach an opinion as to Claimant's functional

limitations); Doc. No. 15 at 7 (Commissioner's brief essentially acknowledging that the medical

record is incomplete).

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

II.    <u>**ADMINISTRATIVE PROCEEDINGS**</u>.

On February 3, 2011, the ALJ held a hearing at which Claimant and a non-examining psychiatrist, Dr. Larry Benovitz, testified after conducting a review of the incomplete medical records. R. 974-80. Dr. Benovitz noted that Claimant testified to undergoing psychological treatment nearly every three weeks during the relevant time period, but he did not have those records. R. 976. The ALJ also noted that those treatment notes were not in the record. R. 976 ("It doesn't appear that [those treatment notes] are in here completely."). Although Dr. Benovitz repeatedly stated throughout his testimony that the medical records were incomplete (*see* R. 975-78), the following exchanges are significant:

> ALJ:    Is the record sufficient for you to determine the Claimant's limitations prior to the date last insured?
>
> DR.:    Not on an ongoing basis, no.
>
> . . .
>
> ALJ:    So far it seems to me that you've said it is that the record is lacking in continuity and insufficient to establish ongoing symptoms and, or limitation. Would you agree then that the record is insufficient as to support any of the numerous [medical opinions] with regard to the severity of the Claimant's condition and functional limitations prior to the date last insured?
>
> DR.:    Yeah.
>
> ALJ:    With that in mind are you able to state at all if the Claimant had any of the limitations reported prior to the date last insured?
>
> DR.:    The records do not allow me to make that [INAUDIBLE]. . . .

R. 978-80. Thus, due to the insufficiency of the medical record, Dr. Benovitz was unable to offer any medical opinion regarding the severity of Claimant's impairments or the functional limitations resulting therefrom. *Id.*

On April 26, 2011, the ALJ issued a decision finding Claimant not disabled.  R. 29-49.   In the decision, the ALJ accurately describes the order of the Appeals Council, including "that the [ALJ] should fully develop the record by obtaining all treatment and examination records for the relevant period at issue . . . in order to complete the administrative record." R. 29.   The ALJ also acknowledges that "Dr. Benovitz asserted that he did not have the [treatment notes] from Dr. Shapiro, [Claimant's long-term treating psychologist] and the [ALJ] stated that the record did not contain many records from Dr. Shapiro, except a page or so of actual psychology notes." R. 36. Further, the ALJ states that "the records were incomplete [and] were not sufficient to determine limitation assessments." R. 45.   Nevertheless, and despite Dr. Benovitz not actually offering a medical opinion with respect to Claimant's functional limitations, the ALJ affords "Dr. Benovitz's opinion deference over all inconsistent opinions," (*see* R. 33) including the opinions of Claimant's treating neurologists, pain specialist, psychiatrist, and psychologist (R. 45), all of whom opined that Claimant has significant exertional and non-exertional functional limitations.[2]   In short, the ALJ utilized Dr. Benovitz's inability to offer an opinion as a basis to reject all of the opinions from Claimant's treating physicians and as the foundation for finding Claimant is not disabled.  R. 33, 45.

---

[2] The ALJ found that Dr. Benovitz's "opinion" was entitled to deference over the opinions of Drs. Jacobson, Shapiro, Klein, Scharfman, and Newman.  R. 45.  Dr. Jacobson, a psychiatrist, generally opined in 2009 (R. 789-90) and 2011 (R. 817-24) that Claimant is markedly limited in several domains of functioning.  Notably, Dr. Jacobson's 2011 opinion states that Claimant symptoms and limitations have existed since October 17, 2003.  R. 824.  Dr. Shapiro, Claimant's long-term treating psychologist, provided four (4) medical opinions, all of which indicate that Claimant has significant functional limitations.  R. 205-06, 387-88, 782, 825-31.  In his January 11, 2011 opinion, Dr. Shapiro opined that Claimant's symptoms and limitations have been present since 2001.  R. 831.  Dr. Klein, a physician specializing in pain, opined that Claimant has significant exertional limitations, including in the ability to sit, stand, and walk.  R. 787-88.  Claimant's treating neurologist, Dr. Marc Scharfman, provided three (3) medical opinions regarding Claimant's exertional and non-exertional limitations, all opining that Claimant has significant limitations, which have been present since October 27, 2000 (R. 392, 786).  R. 389-93, 394-95, 783-86.  On December 12, 2011, Dr. Richard Newman, a neurologist opined that Claimant has 31 percent total body impairment, a guarded prognosis, and a reduced functional capacity.  R. 396-99.

After the ALJ's unfavorable decision, Claimant sought review from the Appeals Council. R. 4-7. Claimant submitted additional evidence, consisting of nine (9) years of treatment notes from Dr. Shapiro, Claimant's treating psychologist. R. 842-939. As set forth above, the record before the ALJ contained four (4) medical opinions from Dr. Shapiro, all of which indicated that Claimant has significant functional limitations during the relevant time period (*see supra* n.2). R. 205-06, 387-88, 782, 825-31. As noted by Dr. Benovitz at that hearing (R. 978) and the ALJ at the hearing and in the decision (R. 36, 976, 980), the failure of the record to contain Dr. Shapiro's treatment notes was critical to Dr. Benovitz's statement that the record was incomplete and insufficient to determine Claimant's functional limitations. R. 37. Unfortunately, Dr. Shapiro's treatment notes are handwritten and illegible. R. 843-939.

On March 28, 2013, the Appeals Council denied Claimant's request for review. On May 15, 2013, Claimant appealed the Commissioner's final decision to the District Court. Doc. No. 1. Claimant argues that Appeals Council erred by failing review the ALJ's decision because Dr. Shapiro's treatment notes are new, material evidence and they render the ALJ's decision erroneous or contrary to the weight of evidence. Doc. No. 12 at 16-17.

## III.   ANALYSIS.

It is rare that this Court is presented with an issue that so clearly warrants remand. Nevertheless, this is such case.[3]

---

[3] As set forth below, the Appeals Council erred by failing to review the ALJ's decision based on new and material evidence, and the ALJ's decision itself is fundamentally flawed. These errors are apparent on the face of the record. Although it did not happen here, this case is an example of an instance where the Commissioner frequently agrees further administrative review should occur and voluntarily moves for remand. Such decisions promote the interest the parties and the Court have in obtaining a just, speedy, and inexpensive resolution of proceedings such as this. When that does not occur the limited resources possessed by Claimant, the Commissioner, and the Court are wasted and the large backlog of disability cases continues to grow.

Claimants may generally present new evidence at each stage of the administrative proceedings.  20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1261 (11th Cir. 2007).  If additional evidence is presented for the first time to the Appeals Council, it must consider the evidence if it is "new and material" evidence relating "to the period on or before the date of the [ALJ's] hearing decision."  20 C.F.R. §§ 404.970(b), 416.1470(b).[4]  On appeal, this Court will reverse only if the new and material evidence renders the ALJ's denial of benefits erroneous.  *Ingram*, 496 F.3d at 1262.

Setting aside for the moment whether it was proper, the ALJ relied upon Dr. Benovitz's opinion that the record was incomplete and insufficient (primarily because it did not contain any of Dr. Shapiro's treatment records) to reject the numerous medical opinions of Claimant's treating physicians and as the basis for the ALJ to conclude that Claimant did not have significant functional limitations.  *See* R. 37 ("Dr. Benovitz opined that the records were incomplete, were not sufficient to determine limitation assessments, and any limitation assessments were not supported by the medical evidence of record."), 45 (ALJ giving great weight to Dr. Benovitz's opinion and giving it deference over all other medical source opinion that found significant functional limitations).  The ALJ's decision concludes that Claimant does not have significant functional limitations (despite the numerous opinions to the contrary) because the record lacks treatment notes.  The Claimant then provided nine (9) years of treatment records from Dr. Shapiro to the Appeals Council.  R. 842-939.  Thus, the core of the ALJ's decision and Dr. Benovitz's opinion, *i.e.*, that the record is incomplete and insufficient to determine if Claimant has any significant functional limitations due to the lack of treatment records, is now eviscerated.

---

[4] Dr. Shapiro's treatment records span nine (9) years, including the relevant time period.  R. 842-939.  They were not in the record before the ALJ and they are central to the ALJ's decision.   Thus, the Court easily finds that they are new and material.

Accordingly, the new and material evidence presented to the Appeals Council plainly renders the ALJ's decision erroneous and remand is required. *See Ingram*, 496 F.2d at 1262.[5]

The Appeals Council's error was precipitated by two additional and critical errors by the ALJ. First, the ALJ failed to comply with the Code of Federal Regulation when the ALJ did not take the specific action ordered by the Appeals Council in its original remand -- to obtain "all treatment and examination records for the relevant period at issue." R. 65. By doing so, the record before the ALJ was plainly incomplete and insufficient to reach an assessment of the Claimant's functional limitations, which warranted review by the Appeals Council.

Second, the ALJ's reliance on Dr. Benovitz's opinion to reject all other medical opinions and to find that Claimant did not have significant functional limitations is flawed. In *Thornton v. Astrue*, 356 F. App'x. 243, 249 (11th Cir. 2009), the Eleventh Circuit stated:

> The administrative law judge also erred by basing his decision on Rubin's inconclusive opinion. Rubin found that the evidence was insufficient to find Thornton disabled because "there [were] no [records] covering [patient's] treatment, functioning or meds." Rubin's opinion might have been different had she reviewed those records. The burden rests with the administrative law judge "to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)).

*Id.* at 249. Thus, the Court is persuaded that it is error for the ALJ to base the decision in this case on Dr. Benovitz's opinion that there were insufficient and incomplete medical records to make a determination about Claimant's functional limitations when the Appeals Council had specifically directed the ALJ to obtain those treatment records prior to reaching a decision.

---

[5] While Dr. Shapiro's treatment notes are illegible, that is not a valid reason to affirm. R. 842-939. When critical treatment notes are illegible, it is the Commissioner's responsibility to obtain clarification, "be it a new or more detailed report, rendered either orally or in a more legible written format (printed or typewritten)." *Krape v. Astrue*, 2009 WL 4892337, at *11 (S.D. Fla. Dec. 16, 2009) (citing 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1)).

IV.     **REMEDY**.

Claimant requests a remand for an award of benefits.  Doc. No. 12 at 25.   A remand for an award of benefits is appropriate only in two narrow circumstances: (1) where the Commissioner has already considered all of the essential evidence and it is clear that the claimant is disabled beyond a doubt; and (2) where the claimant has suffered an injustice.  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982).   As the Commissioner has clearly not considered all of the essential evidence, the first avenue for an award of benefits is inappropriate.   Thus, the Court must determine whether Claimant has suffered an injustice.

In *Walden*, the Eleventh Circuit held that "[d]ue to the perfunctory manner of the hearing, the quality and quantity of the errors pointed out, and the lack of substantial evidence to support the ALJ's decision, the [Eleventh Circuit] is of the opinion that the [claimant] has suffered an injustice."  *Id*. at 840.   This case has been proceeding before the Commissioner since March 22, 2006, over eight (8) years since Claimant filed his application for benefits.  R. 140.  Although this is the first time the case has been presented to the District Court, the Commissioner has erred at every stage of the proceedings.   The ALJ's decision presently before the Court is fatally flawed and should have been reviewed by the Appeals Council.   While a decision on the merits of Claimant's claim has been unnecessarily delayed, the Court can not determine that Claimant has suffered an injustice because medical records central to that claim have never been properly evaluated and weighed.  Therefore, the Court finds that it must remand for further proceedings. On remand, the Commissioner should take all reasonable and necessary steps to expedite the proceedings, including but not limited to re-contacting Dr. Shapiro to obtain clarification of his

illegible treatment notes.   *See Krape v. Astrue*, 2009 WL 4892337, at *11 (S.D. Fla. Dec. 16, 2009) (citing 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1)).

## V.   **CONCLUSION.**

For the reasons stated above, the case must be remanded to the Commissioner for further proceedings.[6]   Accordingly, it is **ORDERED** that:

1.   The final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2.   The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE and ORDERED** in Orlando, Florida on August 5, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Electronic copies to:
Counsel of record

Copies by Regular U.S. Mail to:
The Honorable Denise Pasvantis
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Office
Suite 1550 New River Center
200 E. Las Olas Boulevard
Fort Lauderdale, FL 33301

---

[6]Claimant also argues that the ALJ erred by: misstating the opinion and evaluation findings of Dr. Patrick Gorman; lacking good cause to reject or give little weight to the opinions of Claimant's treating physicians; and failing to demonstrate substantial evidence supporting the ALJ's credibility determination.  Doc. No. 12 at 17-26.  The final decision must be remanded and, therefore, it is unnecessary to reach those arguments at this time because on remand the ALJ must reassess the entire record.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983).